**GOVERNMENT OF GUAM, Appellee**

v.

**HERMAN G. GUMATAOTAO, Appellant**

Criminal No. 26-A

District Court of Guam

Appellate Division

December 26, 1962

---

*Counsel for Appellee:*      LEON D. FLORES, *Island Attorney;*
JAMES P. ALGER, *Deputy Island Attorney*

*Counsel for Appellant:*      HOWARD G. TRAPP

Before SHRIVER, *Judge, District Court of Guam;* KINNARE, *Associate Judge,* High Court of the Trust Territory of the Pacific Islands and DUENAS, *Judge,* Island Court of Guam

## PER CURIAM

### OPINION

The defendant was convicted of the crime of contributing to the delinquency of a minor in the Juvenile Court of Guam, jurisdiction over which is exercised by the Island Court of Guam. Section 273(a) of the Penal Code of Guam provides:

*Contributing.* Any person who commits any act or omits the performance of any duty, which act or omission causes a child to become in need of the care and protection of the Juvenile Court, shall be guilty of a misdemeanor, may be tried for such offense in the Juvenile Court, and upon conviction may be punished by a fine

not exceeding $500, or by imprisonment not exceeding one year, or by both such fine and imprisonment.

In his appeal the defendant contends (a) that the age of the minor was not shown; and (b) that under the law of Guam an adult cannot contribute to the delinquency of a minor who at the time of the offense had been declared a juvenile delinquent. Neither contention is tenable.

The prosecution failed to make inquiry as to the age of the minor, but an order of the Juvenile Court was produced showing that the minor had been born September 20, 1945. The defendant then proceeded to show that the minor on many occasions had been before the Juvenile Court, was currently a ward of the Juvenile Court when the offense took place. This was done in furtherance of the defense contention that an adult cannot in Guam be guilty of contributing to the delinquency of a minor if the minor was a delinquent at the time. The defendant relies upon the California statute which is not the same as Guam's.

While such statutes, being penal in nature, are to be strictly and precisely construed as a general rule, *they are not to be construed in such a way as to aid in their evasion,* 31 Am.Jur. 344.

It is only necessary to cite the general law in this type of case to indicate that while the courts have differed on the question as to whether the minor must have been a juvenile delinquent at the time or have been declared a juvenile delinquent prior to the filing of the charge of contributing, there is uniformity on the question of contributing when juvenile delinquency exists:

*Necessity of Delinquency or Dependency of Minor.*—The general rule is that it is not necessary to a prosecution for contributing to the delinquency or dependency of a minor that the minor shall have been delinquent or dependent prior to the alleged acts or conduct of the defendant, although there is authority to the contrary. A finding or adjudication in a separate proceeding that a minor is delinquent is not a condition precedent to the mainte-

93

nance of a prosecution for contributing to the delinquency of the minor, where the affidavit filed against the one charged with so contributing and the evidence on his trial shows that the minor is delinquent.

Under some statutes, however, the jurisdiction of the juvenile court must have attached to the minor before the conviction of another for contributing to the minor's delinquency, or the minor must actually have been adjudged delinquent before the prosecution of the accused, 31 Am. Jur., pp. 345 and 346.

■ It would be absurd to hold that an adult cannot contribute to the delinquency of a minor who is in the process of being reformed after having been declared a juvenile delinquent. We do not care to indulge in any absurdity.

■ The remaining question gives us greater concern. This appellate division does not have a rule similar to Rule 52(b) of the Federal Rules of Criminal Procedure which provides that plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court, but as this court is bound by the Federal Rules we should probably consider plain error. It was alleged in the amended information that the defendant "assisted a minor in the making of fictitious checks." The evidence was and the court so found that the defendant had filled in and signed the forged checks, then induced the minor to pass them at two stores. Section 476, Penal Code of Guam, includes the offenses of making, uttering, passing and publishing forged checks in one section with the same penalty, but making and uttering are usually considered separate and distinct offenses. The defendant did not include the variance in his motion to dismiss at the close of the government's case, Tr. p. 10, nor has he contended for error here. We therefore hold that in the circumstances of this case we need not note plain error. The making and passing of these checks was part of one continuous transaction. The defendant did not contend that he was sur-

prised. The minor was present when the checks were filled in and an adult could have been held jointly responsible for the making of the forged checks. The defendant could have been held jointly responsible for the passing. We affirm.